IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JUDY LAMB**,

        Plaintiff,                                                                  No. 3:14-cv-01508-MO

               v.                                                      OPINION AND ORDER

**KAISER FOUNDATION HEALTH
PLAN NORTHWEST**,

        Defendant.

**MOSMAN, J.**,

On March 5, 2015, Plaintiff Judy Lamb filed a Motion to Compel [20] seeking discovery related to various requests for production ("RFP") and interrogatories. Ms. Lamb's motion is granted in part and denied in part for the following reasons.

**I.      RFP No. 6: Personnel Files of Managers**

Ms. Lamb's RFP No. 6 asks Defendant Kaiser Foundation Health Plan Northwest ("Kaiser") to "produce personnel files, disciplinary files and any complaints of discrimination defendant received, and any investigations of such complaints, regarding Karin Drake, Dr. Richard Baertlein, Caroline Davis, Megan Melvin, [or] Julia Williams." Brischetto Decl. Ex. A at 2. Ms. Lamb contends that Kaiser has failed to produce all responsive documents to this RFP by not producing each named individual's entire personnel file. Kaiser argues that Ms. Lamb has failed to show that the entire personnel files are relevant to her claims and therefore

has failed to show that their production is likely to lead to admissible evidence.

Ms. Lamb failed to state any specific theory of how the entirety of these personnel files would be relevant to her claims or Kaiser's defenses. She cites a list of workplace discrimination cases where courts have found the entire personnel file of the supervisor was relevant for the proposition that the entire personnel file of a supervisor is always relevant and therefore always discoverable. The cases do not support so broad a rule. In order to force the production of the entire personnel file, a plaintiff must come forward with a plausible theory why the entire personnel file is likely to be, or result in the discovery of, admissible evidence. FRCP 26(b)(1). Ms. Lamb has failed to do so. For example, Ms. Lamb has failed to provide any theory of why the named supervisors' compensation or benefits are relevant to her claims for sex, age, and disability discrimination, or her claim for retaliation. I therefore deny Ms. Lamb's Motion to Compel to the extent that it seeks the production of the named individuals' entire personnel files.

However, Ms. Lamb's Motion to Compel is granted to the extent that it seeks the production of disciplinary files regarding sex, age, and disability discrimination and any complaints of discrimination Kaiser received, and any investigations of such complaints for the named individuals. These topics are likely to result in the discovery of admissible evidence as they might produce evidence that shows a pattern or practice of discrimination by Kaiser or its employees. Kaiser will produce all documents in its possession relating to these topics and to these individuals.

## II. Interrogatory Nos. 4–6 and RFP No. 7: Comparator Information

Ms. Lamb's Interrogatory No. 4 asks Kaiser to identify all employees that had the same or similar behavior or performance issues as Ms. Lamb during the period January 1, 2008, through December 31, 2013. For each such employee, Interrogatory No. 5 asks Kaiser to provide

dates of birth, whether the individual was identified as disabled, requested accommodation or medical leave and to describe all disciplinary actions taken as a result of the identified performance issues. Interrogatory No. 6 asks Kaiser for information concerning any claims of discrimination or retaliation made by each such employees. Presumably RFP No.7 asks for the production of any documents related to these interrogatories, but Ms. Lamb never states this in her briefing. Ms. Lamb contends that the answers to these interrogatories and the production of related documents are reasonably calculated to lead to admissible evidence because a plaintiff may prove discrimination by showing different treatment of similarly situated employees outside of the protected class. Kaiser objects on the basis that it is only required to produce material on comparators that are similar to Ms. Lamb "in all material respects." *See Hargrow v. Fed. Express Corp.*, No. 07-15623, 2009 WL 226039, at *1 (9th Cir. 2009). Kaiser appears to interpret "in all material respects" to mean individuals who held the same job title and reported to the same supervisor as Ms. Lamb.

I agree with Kaiser that it is only required to answer the interrogatories and to produce documents to the extent that they relate to employees that are similar to Ms. Lamb in all material respects. The Ninth Circuit interprets similar "in all material respects" to mean that the comparators must have reported to the same supervisor. *Id*. Therefore, Kaiser is ordered only to answer interrogatories No. 4–6 and to produce documents relevant to RFP No. 7 for any individuals similar in all material respects to Ms. Lamb and employed by Kaiser between January 1, 2008, and December 31, 2013.

**III.    RFP No. 9: Ms. Lamb's Replacement's Personnel File**

Ms. Lamb's RFP No. 9 seeks production of the personnel file of the person who replaced her. Ms. Lamb argues that the information in her replacement's personnel file is highly relevant

to her claims. She argues that whether she was replaced by a person outside her protected class is an element of her *prima facie* case.

Ms. Lamb has again failed to show the relevance of the entire personnel file. Therefore, to the extent she seeks production of the entire personnel file, her Motion to Compel is denied. Ms. Lamb, however, is entitled to production of the portions of the personnel files regarding her replacement's age, sex, and whether the replacement disclosed a disability, requested accommodation, sought medical leave, or made discrimination complaints. Ms. Lamb's Motion to Compel is therefore granted with respect to these topics.

Kaiser believes this discovery will violate its confidentiality obligations under the Health Insurance Portability and Accountability Act ("HIPAA"). In order to address these concerns, Kaiser is not required to produce the documents described above until the parties have agreed to and submitted a protective order and I have signed that protective order.

**IV.    RFP No. 10: Documents Defendant May Use in Support of Its Claims or Defenses**

Ms. Lamb's RFP No. 10 asks Kaiser to produce all documents or electronically stored information and tangible things it has in its custody that it may use to support its claims or defenses. Kaiser contends that it has produced all that the law requires. Kaiser states it has produced all responsive, non-privileged documents at this time and will continue to produce responsive, non-privileged documents if and when new documents are located. Ms. Lamb argues that she is even entitled to documents typically considered privileged work product, "[s]ince FRCP 26 requires a party to produce this information, the information is not privileged." Pl.'s Memo in Support [21] at 8. I disagree. FRCP 26(b)(1) clearly states that parties are only entitled to, "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Ms. Lamb's Motion to Compel is denied with respect to RFP No. 10.

## V.      RFP No. 11: Affirmative Action Plan Information

Ms. Lamb's RFP No. 11 asks Kaiser to produce any affirmative action plan relating to age or disability for 2008–2013 together with any audit or evaluation of progress towards goals in such plan. Ms. Lamb argues that this information is relevant because courts in the past have found evidence that an employer fails to follow its own affirmative action plan to be probative of discrimination in an individual case. *See Gonzales v. Police Dept., City of San Jose*, 901 F.2d 758, 761 (9th Cir. 1990); *Yatvin v. Madison Metro. School Dist.,* 840 F.2d 412, 415–416 (7th Cir. 1988); *Craik v. Minn. State Univ. Bd*., 731 F.2d 465, 472 (8th Cir. 1984). Kaiser contends that only the Mt. Talbert clinic's affirmative action plan is relevant, as opposed to every plan from every clinic in Oregon, because that is where Ms. Lamb worked since 2009 and that is where all the employment actions at issue in this lawsuit took place.

I agree with Kaiser that the only relevant affirmative action plan to this case is the one in place at the clinic where Ms. Lamb was working when the decision to terminate her was made. Therefore, Kaiser is ordered to produce a copy of the Mt. Talbert clinic's affirmative action plan and any other responsive documents to RFP. No. 11 as they relate to the Mt. Talbert clinic's plan.

## VI.     RFP Nos. 12–13: Findings of Discrimination, Failure to Accommodate and Violations of Leave Law

Ms. Lamb's RFP No. 12 asks Kaiser to produce documents showing findings by an arbitrator or court that Kaiser engaged in disability or age discrimination, failure to accommodate, or violations of federal or state family leave laws. Ms. Lamb's RFP No. 13 requests the same information concerning substantial evidence or probable cause determinations of a state administrative agency. Ms. Lamb has failed to demonstrate how this request is likely to lead to admissible evidence. I agree with Kaiser's contention that the facts and circumstances of

5 – OPINION AND ORDER

unrelated complaints, charges, or lawsuits have no bearing on what did or did not happen to Ms. Lamb in this case. Ms. Lamb argues that evidence that Kaiser discriminated against other employees is relevant and admissible to prove the employer's motive in an individual plaintiff's case. This theory of admissibility is clearly barred by FRE 404. Having failed to show any admissible purpose for the discovery sought in RFP Nos. 12–13, Ms. Lamb's Motion to Compel is denied with respect to these RFPs.

### VII.  Interrogatory No. 7: Discussions Regarding Ms. Lamb's Termination

Finally, Ms. Lamb's Interrogatory No. 7 asks Kaiser to state the date of any meetings to discuss the termination of Ms. Lamb's employment, to identify those present and to summarize the discussion at the particular meeting. Kaiser answered that interrogatory in part as follows:

> A joint discovery meeting was held on June 14, 2013. This meeting was attended by plaintiff, Karin Drake, Julia Williams, and Marsha King. The subject of the meeting was concerns about plaintiff's performance issues. A second meeting with plaintiff, Ms. Drake, Ms. Williams, and Ms. King was held on June 19, 2013. In addition, Ms. Drake conferred with Ms. Williams and Chris Kafka about the decision to terminate plaintiff's employment.

Brischetto Decl., Ex. B at 3–4. Kaiser contends that, "[t]o the extent [Ms. Lamb] seeks a detailed recounting of the content of those discussions," she can get it through the depositions she has noticed.

Kaiser's response ignores the fact that under the Federal Rules of Civil Procedure, Ms. Lamb is entitled both to ten depositions and twenty-five written interrogatories. FRCP 30(a)(2)(A)(i); FRCP 33(a)(1). FRCP 33(b)(3) states that, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Kaiser did not object to this interrogatory in anyway. Therefore, Kaiser may not defend a deficient answer by arguing any holes in the answer can be filled in through oral depositions. Ms. Lamb is entitled to a full and complete written answer. Therefore, Ms.

6 – OPINION AND ORDER

Lamb's Motion to Compel is granted with respect to Interrogatory No. 7.

## CONCLUSION

For the reasons set for above, Ms. Lamb's Motion to Compel [20] is GRANTED in part and DENIED in part. Kaiser is ordered to produce the additional discovery identified above within fourteen days of the entry of this order.

IT IS SO ORDERED

DATED this __3rd__ day of April, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court